UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 01-4714

JACK LAVELTON NICHOLSON,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-01-41)

Submitted: May 15, 2002

Decided: June 10, 2002

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Jon M. Babineau, SAUNDERS, BABINEAU & BREWBAKER, L.L.C., Suffolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalf, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jack Lavelton Nicholson appeals his conviction following his guilty plea to one count of disqualified possession of a firearm by a felon, *see* 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000), for which he received a 189-month sentence. Nicholson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's refusal to grant a downward departure in light of Nicholson's physical condition pursuant to *U.S. Sentencing Guidelines Manual* § 5H1.4 (2000). Additionally, although Nicholson has been informed of his right to file a supplemental pro se brief and granted an extension of time to do so, he has not filed such a brief. For the following reasons, we affirm.

At sentencing, Nicholson sought a downward departure due to his sickle cell anemia under § 5H1.4. The district court denied Nicholson's motion based on its finding that such a departure was not warranted in Nicholson's case. Because the district court's resolution of Nicholson's request for a downward departure reflects a factual determination within the exclusive province of the sentencing court rather than a purely legal determination, such as a misapprehension of its authority to depart, this Court declines to review it. *See United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998); *United States v. Bayerle*, 898 F.2d 28, 29 (4th Cir. 1990).

To the extent Nicholson asserts that he was merely carrying the firearm in question in self-defense, we find that fact impacts upon neither his conviction nor his sentence. Nicholson's guilty plea and conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. *United States v. Broce*, 488 U.S. 563, 569 (1989). Thus, by pleading guilty, Nicholson has waived all non-jurisdictional defects in his conviction, including the right to contest the factual merits of the charges. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

Accordingly, because our review of the record pursuant to *Anders* reveals no error, we affirm Nicholson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right

to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*